GARRISON, Judge.
This is an appeal from a judgment of the district court, invalidating a zoning re-classification on the grounds that the St. Charles Parish Police Jury failed to comply with its own procedures. From that judgment, the Police Jury appeals.
Three sets of property owners, the Ken-nedys, Wiltzs, and Triches filed petitions requesting zoning reclassification as follows: [1]
*70 ACTION WILTZ PETITION TRICHE KENNEDY PETITION PETITION
All Documents Necessary for Valid Petition for Zoning Reclassification Received in the Office of the Parish Administrator March 27, 1979 May 1, October 24 1979 1978
Public Hearing Before Planning Commission April 19, 1979 May 24, Noverrber 1 1979 1978
First Official Action Taken by Police Jury June 4, 1979 August 2, February 5 1979 1979
Petition Granted by Police Jury Augus t 2, 1979 August 2, August 2, 1979 1979
As is indicated by the chart above, several petitions were tabled and all petitions were later granted on August 2, 1979. On that date, Lots 14 and 30 (the Wiltz property), Lots 15 and 31 (the Triche property), and Lots 16 and 32 (the Kennedy property) all in Square 3, Prospect Subdivision in Good Hope were rezoned from R-l (single family residential) to C-l (neighborhood family residential).
Petitioners filed suit seeking a writ of mandamus compelling the St. Charles Police Jury to rescind the zoning reclassification, as well as a judicial declaration that the action taken was null and void. After a full trial on the merits, the court so ruled. From that judgment, which we affirm, defendants appealed.
On appeal defendants argue that the trial court erred in finding that the 90 day period delineated in the St. Charles Parish Zoning Ordinance No. 66-3-11 (XIII) (¶ 4) began on the date a petition was filed with the Parish Planning Commission, that the statute is controlling and takes precedence over custom, and that the statute is not unconstitutionally vague. Additionally, appellants argue that the trial court erred in finding as follows:
“. .. (that) the action taken by the St. Charles Parish Police Jury with regard to the Wiltz, Triche, and Kennedy properties was ‘strange’ or without just cause, and that the Police Jury ‘all of a sudden’ granted three petitions for rezoning which had all been instituted at different times.”
The critical issue in the instant appeal is the definition of “filing” under the Zoning Code. Section XII of the Code requires that the Police Jury take action within 90 days of filing. Once the 90 day period has run, the jury is prohibited from considering any petition, relative to the same property for a period of two years.

“SECTION XII Amendments and Petitions

B. Petitions by property owners for the amendment, supplementation, or change of (zoning classifications) shall be filed with the Police Jury through the Planning Commission. In filing such petitions the following rules shall apply:
3. Whenever a petition is filed requesting a change [in zoning classification], and said petition has been finally acted upon by the Police Jury, or when *71 said petition has received no action on the part of the Police Jury within ninety (90) days, or when said petition has been officially advertised for public hearing but has subsequently been withdrawn either before or after public hearing has been held, then the Police Jury shall not consider any further petition requesting or proposing such change or amendment for the same property within a period of two (2) calendar years ...” (emphasis added).
The Zoning Ordinance allows for Amendment Procedures in Section XIII which provides:

“SECTION XIII Amendment Procedure

No amendment, supplement, or change of the Zoning District Map shall be effective unless and until:
4. A final yea or nay vote shall have been taken on the proposal by the Police Jury within ninety (90) days from the introduction of any ordinance, or the adoption of a motion by the Police Jury, or from the filing of the petition of property owners or owner in correct form.” (emphasis added).
Louis Bisso, who was admitted as an expert in zoning and planning, testified that the 90 day period began to run from the date that the Planning Commission certified the petition as correct in form. Kevin Friloux, the Parish Administrator for the St. Charles Parish Police Jury, testified that there is no procedure for certifying a petition. He also testified that the 90 day rule begins to run after the first official action taken by the police jury subsequent to a public hearing. The third witness was Alfred Green, Administrative Assistant to the St. Charles Parish Police Jury, who testified that when a petition enters the zoning board office, he does not stamp or write the date of entry on the petition, although he does give the petitioner a cash receipt and writes a publication date on the petition.
We agree with the finding of the trial judge that under the plain and unequivocal language of the statute the Police Jury through the Planning Commission is required to keep track of the date of filing and has failed to do so.
Appellant argues that the statute is unconstitutionally vague because the three non-lawyer witnesses presented at trial all had different theories as to the meaning of the statutes. We note that these witnesses were not admitted as experts in statutory construction and were not competent to express opinions on legal theory. We also note that there is a strong presumption in favor of the constitutionality of a statute which must be overcome by weighty evidence. Having already concluded, however, that the statute is clear upon its face, this “make-weight” argument need not be further addressed.
Finally, we address the specification of error relative to the trial court’s comment quoted hereinabove. The comment is pure dicta. If the case had been a jury trial, then counsel could have argued that the allegedly prejudicial comment could have influenced the jury. As the instant appeal was a judge trial, however, the comment is of absolutely no moment.
For the reasons discussed, the judgment of the trial court is affirmed.

AFFIRMED.

STOULIG, J., dissents with written reasons which are attached hereto.

. The current property owner is Good Hope Refineries although, the original petitions were filed in the names of the former owners. The lots are adjoining parcels and are used by the current owner as one contiguous parking lot.